PIERCE, Chief Judge.
Appellant -Ella V. Swain appeals to this Court from a final judgment rendered by the Pinellas County Circuit Court dissolving the marriage of the parties and denying alimony to the appellant wife.
Appellee Raymond C. Swain filed suit in Circuit Court on December 20, 1971, seeking dissolution of marriage, alleging that the parties were married in New Hampshire on July 19, 1969, that they separated on or about May 28, 1971 and that the marriage between the parties was irretrievably broken. Apparently the wife lives in New Hampshire and continues to live there. Through New Hampshire counsel, she filed answer denying the husband’s ground for divorce but alleging that she intended to file divorce action in New Hampshire and that she had a monthly income from the Veteran’s Administration of $120.00 per month. She asked the Pinellas Court to “appoint counsel for her; and order her husband to pay her $300.00 support payments per month”.
At the time the answer was filed the staff attorney for the New Hampshire Legal Assistance office in Manchester, New Hampshire, advised the Pinellas Court that he had been contacted by appellee wife and that they were in process of getting “Florida counsel appointed”. No further action was taken, however, and on March 14, 1972, pursuant to previous order, the Pinel-las Court proceeded to final hearing. After taking testimony on the merits the Court entered judgment finding that “this is a short-term' marriage and, therefore, there shall be no award of alimony” and granting petitioner therein, Swain, a divorce. Through local Florida counsel, ap-pellee wife has appealed to this Court from the final judgment and contends that the trial Court was in error “in failing to give consideration” to her “request for appointment of counsel to represent her . . .” and also “erred as a matter of law in denying alimony . . .”.
We perceive no reversible error in the Florida Court proceedings.
As to denial of alimony, consideration of the entire record discloses no abuse of the trial Court’s discretion. From the sworn testimony it appears that after their marriage in 1969 in New Hampshire the 24 year old son by a former marriage of appellant wife stole appellee’s “master charge card and forged over a thousand dollars” and also “stole a book of checks and forged those”; that the parties hereto “owned together a sixty by twelve foot mobile home worth $8,500.00 and she got it”.
The record indicates that at the time of the final hearing the husband was receiving $358.00 per month from the Veterans Administration and she was getting $120.00 per month from his service-connected pension. The record also reflects that before coming to Florida the husband had been in the Veterans Administration Hospital suffering from Parkinson’s disease. The husband gave sworn testimony that the reason the parties finally separated was that “she *749 wanted me to put up a bail bond for him [her grown son by former marriage] after he had stolen these items and forged them, and I refused to do it, and thereafter, she refused to be a wife to me after that”.
We have carefully considered the entire record brought here, including the main brief and reply brief filed by Florida counsel for the wife, and are impelled to the conclusion that the trial Judge committed no reversible error in entering the final judgment complained of. The judgment is therefore—
Affirmed.
LILES and McNULTY, JJ., concur.